Rayminh L. Ngo, SDNY# 4834
**HIGBEE & ASSOCIATES (Of Counsel)**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
rngo@higbeeassociates.com

*Counsel for Plaintiff,*
ALEX MAXIM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX MAXIM,<br><br>                    Plaintiff,<br><br>v.<br><br>BLACK TIE GLOBAL, INC.; BLACK TIE LUXURY CAR SERVICE, INC.; and DOES 1 through 10 inclusive,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alex Maxim, for his Complaint against Black Tie Global, Inc., Black Tie Luxury Car Service, Inc., and DOES 1 through 10, inclusive, Defendants, alleges as follows:

**INTRODUCTION**

1. Alex Maxim (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Black Tie Global, Inc. and Black Tie Luxury Car Service,

1

Inc., inclusive (hereinafter "Defendants"), with regard to the unlawful use of his copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff damages. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2.  For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

3.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendants violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4.  This Court has personal jurisdiction over Defendants because Defendants' acts of infringement complained of herein occurred in the State of New York, and Defendants caused injury to Plaintiff in his intellectual property within the State of New York.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants reside in this judicial district and a substantial part of the events giving

rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendants reside, committed the acts of infringement, and have a regular and established place of business in this judicial district.

## PARTIES

6. Plaintiff is a natural person.

7. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants, Black Tie Global, Inc. and Black Tie Luxury Car Service, Inc. are business entities residing in the State of New York, and conducting business within the State of New York. Both entities maintain the same DOS Process address with the New York Department of State: 411 Mundy Lane, Mount Vernon, New York 10550. A true and correct copy of the New York Department of State Division of Corporations Entity Information data for Defendants is attached hereto as Exhibit A.

9. On information and belief, Defendant Black Tie Luxury Car Service, Inc. owns and operates the website, http://www.blacktiecarservice.com/ (the "Website"). Defendant Black Tie Luxury Car Service also maintains a business address at: 175 Huguenot St., New Rochelle, NY 10801, Suite #223. Defendant

3

Black Tie Global, Inc. maintains the Website's reservation page. A true and correct copy of the reservation page is attached hereto as Exhibit B.

10. Through the Website, Defendants reserve transportation services with qualified chauffeurs and luxury vehicles for events such as parties, weddings, casinos, college trips, proms, and airport travel. *See generally* http://www.blacktiecarservice.com/.

11. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 10, inclusive (the "Doe Defendants"), are not known to Plaintiff who therefore sues said DOE Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants is legally responsible in some matter for the events and happenings herein referred to, and legally caused injuries and damages proximately thereby to Plaintiff as herein alleged.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority or by the method of a license.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual.

14. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants are a business entity residing in the State of New York

and conducted business in this judicial district.

15. Plaintiff is a professional photographer by trade. He photographs various models and actresses and sells or licenses them to people and companies seeking to make use of the photographs for advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

16. Plaintiff took the Original Image; *See* Original Image attached hereto as "Exhibit C."

17. Plaintiff has ownership and copyright of the Image.

18. Plaintiff has registered the Image with the United States Copyright Office under Registration Number VA 2-036-648.

19. On or about April 17, 2018, Plaintiff discovered that the Image had been used on the Website without his permission. True and correct screenshots of the infringing post are attached hereto as Exhibit D.

20. Plaintiff has provided notice to Defendants that the Image is subject to copyright and to cease use of the Image.

21. Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Image by Defendants.

22. Plaintiff is informed and believes that Defendants used Plaintiff's copyrighted works without his permission and published, communicated,

benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

23. Defendants used the Image to promote Defendants' business.

24. Plaintiff did not consent to the use of his Image for commercial gain.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT
### Title 17 of the United States Code

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

27. Plaintiff is informed and believes and thereon alleges that said Defendants infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

28. As a result of each and every Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each

infringement pursuant to 17 U.S.C. § 504(c).

29. As a result of the Defendants' violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

30. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants

- Awarding Plaintiff statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);
- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;
- Enjoining the Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and
- Awarding any other relief the Court deems just and proper.

8

Dated: November 29, 2018                        Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
SDNY #4834
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Alex Maxim, hereby demands a trial by jury in the above matter.

Dated: November 29, 2018                                    Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
SDNY# 4834
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*